*ctt*

*FILED*

J.N

JUL 23 2008

JUL 23 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JANICE D. SCOTT

)
)
)
)
)

(Name of the plaintiff or plaintiffs)

v.

John E. Potter
Postmaster General of the
United States Postal Service

)
)
)
)
)
)
)

(Name of the defendant or defendants)

**CIVIL ACTION**

NO. *08C 3821*

Judge ZAGEL
Magistrate Judge Mason

* AMENDED *

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _JANICE D SCOTT_ of the county of _COOK_ in the state of _Illinois_.

3. The defendant is _John E. Potter- Postmaster General the United States Postal Services_, whose street address is _475 L'Enfant Plaza S.W._,

(city) _Washington_ (county) _____ (state) _DC_ (ZIP) _20036_

(Defendant's telephone number) ( ) - _____

4. The plaintiff sought employment or was employed by the defendant at (street address)

_1300 E Northwest Highway_ (city) _Palatine_

(county) _Cook_ (state) _IL_ (ZIP code) _60095_

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☒ was hired and is still employed by the defendant.

(c) ☐ was employed but is no longer employed by the defendant.

*AMENDED Complaint*

*NO: 08C 3821*

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) *Feb*, (day)_____, (year) *2004*.

7.1  *(Choose paragraph 7.1 or 7.2, do not complete both.)*

        (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ *has not* ☐ *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i)    ☐ the United States Equal Employment Opportunity Commission, on or about (month)_____ (day)_____ (year)_____.

    (ii)   ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

  (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days.** It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2  The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    ☒ Yes (month) *April June AND* (day) *10 AND 13* (year) *2004 2006*

    ☐ No, did not file Complaint of Employment Discrimination

2.    The plaintiff received a Final Agency Decision on (month) *April* (day) *7* (year) *2008*. *and denial of motion for reconsideration on June 9, 2008*

c.    Attached is a copy of the

    a. Complaint of Employment Discrimination,

    ☒ YES ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

    ☒ YES ☐ NO, but a copy will be filed within 14 days.

*AMENDED-Complaint*
*No. 08C 3821*

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a

*Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice*

*of Right to Sue*, which was received by the plaintiff on (month)_____

(day)_____ (year)_____ a copy of which *Notice* is attached to this

complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's *[check only those*
*that apply]*:

(a) ☒ Age (Age Discrimination Employment Act).

(b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10.    If the defendant is a state, county, municipal (city, town or village) or other local
governmental agency, plaintiff further alleges discrimination on the basis of race, color, or
national origin (42 U.S.C. § 1983).

11.    Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims
by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981
and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation
Act, 29 U.S.C. § 791.

12.    The defendant *[check only those that apply]*

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

*Amended - Complaint*
*no. 08C3821*

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

✓ (h) ☒ other (specify): _Not allow to relocate with job position_
_failed to give retreat light, received improper_
_training, male employees allow to work in_
_position, I were denied/not allow to._

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

✓ _see attached narrative ~~and~~ J.S._
_CASE Charges **IS** 4J600-0167-04 AND_
_4J600-0134-06_

14.    **[AGE DISCRIMINATION ONLY]**  Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☒ YES    ☐ NO

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐    Direct the defendant to hire the plaintiff.

(b) ☐    Direct the defendant to re-employ the plaintiff.

(c) ☐    Direct the defendant to promote the plaintiff.

(d) ☐    Direct the defendant to reasonably accommodate the plaintiff's religion.

✓ (e) ☒    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

Amended-Complaint
no. 08C 3821

(f) ☒    Direct the defendant to (specify): to stop harassment
and rehete with position in Chicago District same statte
time, N$ days
to be made whole (Annual leave, sick leave and
Leave Without Paid to be paid in full From July, 2003
to present July, 2008. and $ 30,000.00.

(g) ☒    If available, grant the plaintiff appropriate injunctive relief, lost wages,
liquidated/double damages, front pay, compensatory damages, punitive damages,
prejudgment interest, post-judgment interest, and costs, including reasonable attorney
fees and expert witness fees.

(h) ☒    Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

(Plaintiff's name)
Janice D. Scott

(Plaintiff's street address)
3508 W. Jackson Blvd

(City) Chicago   (State) IL   (ZIP) 60644
(Plaintiff's telephone number) (TB) - 378-0144

Date: 7-23-2008

ATTACHMENT
(Statement)
#13

Narrative          Amended
                   Complaint
                   08C 3821

1). Not given proper rights or reassignment of job
    position DATA Collection Tech. and relocation due
    to Centralized.

2) Harassment from Management due to previous EEO's
   and grievances on going recurring Retaliation.

3). Improper/Denied Training

4). Disability due to Breat Cancer - causing Management
    to treat me different from other employees regarding position
    in the Department

5) Age older black female treating different from younger
   female and male. -

6). Denied position in the Department while allowing male
    co-worker to work in the Department on temporary assignment.
    and also received full time position.

7). White full time female Paule Tia Franta at Rockford Rdc
    Kept her position due to Centralized with less seniority.

8). Management violated my rights due to retaliation
    because of previous EEO complaints filed since 198.
    The EEO charges included RACE, Color, Sex, disability,
    age and Recurring Retaliation. My EEO Request in last
    June, 2004 for a redress denied by Management
    Leonard Eickhoff and Shirley Smith.

9). I was denied the Residual VACANT 4:WAM - 12:30pm
    With Sunday/Thursday off August, 2004.

                                        NEXT PAGE →

NARRATIVE

(Attachment
Statement)
#13

AMENDED
Complaint
08C 3821

10.) June 12, 2004 pay location LDC change improperly done by management.

11). No retreat right and violated my seniority right in the department. They assigned others to work in that same position without even offering it to me first.

12) Management informed me that they did not a 6 Am starting time in 2004, but at the same time they created two part time at 5:00 Am and two part-time at 6:00 Am

13) Management Created a hostile, stressfull Working environment as a employee I received disaparity treatment, discrimination due to my Race, age, Color, disability, sex and Recurring Retaliation and harassment.

✓ Jadici Bucot 7-23-08

page 2 of 2

*AMENDED Complaint*
*08 C 3821*
✱ ✱ ✱

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
P. O. Box 19848
Washington, D.C. 20036

Janice D. Scott,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Request No. 0520080505

Appeal No. 0120061598

Agency No. 4J-600-0167-04

Hearing No. 210-2005-00234X

### DENIAL

Complainant timely requested reconsideration of the decision in *Janice D. Scott v. United States Postal Service*, EEOC Appeal No. 0120061598 (April 2, 2008). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120061598 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0408)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the

*AMENDED Complaint*
*68 C 3821*

2                                                         0520080505

person who is the official agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z0408)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security.  *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c).  **The grant or denial of the request is within the sole discretion of the Court.**  Filing a request for an attorney does not extend your time in which to file a civil action.  Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

JUN   4 2008

Date

*Amended complaint*
*08 C 3821*

3                                                    0520080505

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Janice D. Scott
5508 West Jackson Blvd.
Chicago, IL 60644

Donna Drake
1923 West Ogden
Chicago, IL 60612

NEEOISO - Appeals
US Postal Service
P.O. Box 21979
Tampa, FL 33622-1979

JUN  4 2008
--------------------
Date

--------------------
Equal Opportunity Assistant





## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Janice D. Scott,
Complainant,

**RECEIVED**

v.

*JUL X 3 2008*

# 08 C 3821

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

**MICHAEL W. DOBBINS**
**CLERK, U. S. DISTRICT COURT**

Appeal No. 0120061598[1]

Agency No. 4J-600-0167-04

*MAGISTRATE JUDGE MASON*

Hearing No. 210-2005-00234X

*JUDGE ZAGEL*

### DECISION

Complainant filed an appeal with this Commission concerning her complaint of unlawful employment discrimination. Complainant alleged that she was subjected to discrimination on the bases of race (African-American), sex (female), color (black), disability (prior diagnosis of breast cancer)[2], age (date of birth: 07/27/57), and in reprisal for prior protected EEO activity when:

1. On May 28, 2004, complainant learned that her Data Collection Technician (DCT) position would be abolished.
2. After February 2004, complainant did not receive proper training and was not provided proper rights for her job reassignment and location.

On November 22, 2005, an EEOC Administrative Judge (AJ) issued a decision without a hearing finding that there was no genuine issue of material fact in dispute, and concluded that complainant had not been discriminated against. Specifically, the AJ found the agency presented legitimate, nondiscriminatory reasons for its actions, which complainant failed to

---

[1] Due to a new data system, your case has been redesignated with the above-referenced appeal number.
[2] The Commission does not address in this decision whether complainant is a qualified individual with a disability.

08 C 3821 RECEIVED

0120061598

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

rebut. On December 2, 2005, the agency issued a decision finding no discrimination. The agency fully implemented the AJ's decision. Complainant appeals from that decision.

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure. The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial. *Id.* at 249. The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor. *Id.* at 255. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.*, 846 F.2D 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. If a case can only be resolved by weighing conflicting evidence, summary judgment is not appropriate. In the context of an administrative proceeding, an AJ may properly consider summary judgment only upon a determination that the record has been adequately developed for summary disposition.

We find that the agency articulated legitimate, nondiscriminatory reasons for its actions. Regarding claim 1, the agency asserted that, on April 30, 2004, a Memorandum of Understanding between the agency and the American Postal Workers' Union was issued abolishing five full-time data collection technician positions, which included complainant's position, and six part-time regular data collection technician positions. All Statistical Programs personnel, with the exception of part-time employees, would now be centrally located at the Carol Stream facility. Additionally, the Manager of Finance explained that "the decision to abolish complainant's bid assignment was made for business reasons involving proper staffing and optimum utilization of limited human resources." The Manager of Statistical Programs, who first informed complainant that her position would be abolished, explained that her current schedule 0600 to 1450 failed to satisfy the needs of the Statistical Programs Department.

As to claim 2, the agency argued that complainant's training record demonstrated that complainant was trained on eleven different subject areas from February to April 2004. The Manager of Statistical Programs stated that, in a letter dated May 19, 2004, she informed complainant that her position would be abolished and, unless complainant successfully bids on an alternate position, complainant would become an unassigned regular employee at Palatine P&DC.

The Commission finds that complainant failed to rebut the agency's articulated legitimate, nondiscriminatory reasons for its action. Moreover, complainant failed to show, by a

JUDGE ZAGEL                    MAGISTRATE JUDGE MASON

# RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

08C3821

0120061598

rebut.  On December 2, 2005, the agency issued a decision finding no discrimination.  The agency fully implemented the AJ's decision.  Complainant now appeals from that decision.

The Commission's regulations allow an AJ to issue a decision without a hearing when he or she finds that there is no genuine issue of material fact.  29 C.F.R. § 1614.109(g).  This regulation is patterned after the summary judgment procedure set forth in Rule 56 of the Federal Rules of Civil Procedure.  The U.S. Supreme Court has held that summary judgment is appropriate where a court determines that, given the substantive legal and evidentiary standards that apply to the case, there exists no genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In ruling on a motion for summary judgment, a court's function is not to weigh the evidence but rather to determine whether there are genuine issues for trial.  *Id.* at 249.  The evidence of the non-moving party must be believed at the summary judgment stage and all justifiable inferences must be drawn in the non-moving party's favor.  Id. at 255.  An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party.  *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986); *Oliver v. Digital Equip. Corp.*, 846 F.2D 103, 105 (1st Cir. 1988).  A fact is "material" if it has the potential to affect the outcome of the case.  If a case can only be resolved by weighing conflicting evidence, summary judgment is not appropriate.  In the context of an administrative proceeding, an AJ may properly consider summary judgment only upon a determination that the record has been adequately developed for summary disposition.

We find that the agency articulated legitimate, nondiscriminatory reasons for its actions.  Regarding claim 1, the agency asserted that, on April 30, 2004, a Memorandum of Understanding between the agency and the American Postal Workers' Union was issued abolishing five full-time data collection technician positions, which included complainant's position, and six part-time regular data collection technician positions.  All Statistical Programs personnel, with the exception of part-time employees, would now be centrally located at the Carol Stream facility.  Additionally, the Manager of Finance explained that "the decision to abolish complainant's bid assignment was made for business reasons involving proper staffing and optimum utilization of limited human resources."  The Manager of Statistical Programs, who first informed complainant that her position would be abolished, explained that her current schedule 0600 to 1450 failed to satisfy the needs of the Statistical Programs Department.

As to claim 2, the agency argued that complainant's training record demonstrated that complainant was trained on eleven different subject areas from February to April 2004.  The Manager of Statistical Programs stated that, in a letter dated May 19, 2004, she informed complainant that her position would be abolished and, unless complainant successfully bids on an alternate position, complainant would become an unassigned regular employee at Palatine P&DC.

The Commission finds that complainant failed to rebut the agency's articulated legitimate, nondiscriminatory reasons for its action.  Moreover, complainant failed to show, by a

JUDGE ZAGEL          MAGISTRATE JUDGE MASON     JUDGE ZAGEL

# RECEIVED

JUL X 3 2008

**08C3821**  3

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

0120061598

preponderance of the evidence, that she was discriminated against on the alleged bases. The agency's decision finding no discrimination is AFFIRMED.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you

JUDGE ZAGEL                    MAGISTRATE JUDGE MASON

RECEIVED

08 C 3821

JUL X 3 2008

0120061598

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

APR 2 2008

Date

JUDGE ZAGEL

MAGISTRATE JUDGE MASON

# 08 C 3821

0120061598

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Janice D. Scott
5508 W Jackson Blvd
Chicago, IL 60644

Donna Drake
1923 W Ogden
Chicago, IL 60612

U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL 33622-1979

**RECEIVED**

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

APR 2   2008
Date

Equal Opportunity Assistant

JUDGE ZAGEL

MAGISTRATE JUDGE MASON

04- 434

| U.S. Postal Service | Certified Mail No. | | Date Mailed    or    Hand Delivered on |
|---|---|---|---|
| **Information for Pre-Complaint Counseling** | | | 05-28-04 |
| | By *(Initials)* | | Case No. |
| | jmc | | 4J-600-0167-04 |

On __May 28, 2004__, you requested an appointment with a Dispute Resolution Specialist.
   *(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

### A. Requester Information

| Name *(Last, First, MI)* | Social Security No. | Home Telephone No. |
|---|---|---|
| Scott, Janice D. | 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 | 773 378-0144 |

Your Mailing Address
5508 W. Jackson Blvd Chicago Ill 60644

| Name of Postal Facility Where You Work | Office Telephone No. |
|---|---|
| Palatine P&DC | 630 260 5438 |

| Address of Postal Facility | Email Address* |
|---|---|
| 1300 E. Northwest Highway Palatine IL | |

| Employment Status *(Check One)* | Position Title | Grade Level |
|---|---|---|
| ☐ Applicant  ☐ Casual  ☐ TE  ☒ Career | Data Collector Tech | 6 |

| Pay Location | Tour | Duty Hours | Off Days *(If Tour I /Show Nights Off )* | Time in Current Position |
|---|---|---|---|---|
| 652 | 2 | 0600 - 1450 | Sat/Sun | 20 Years ___ Months |

| Your Supervisor's Name | Supervisor's Title | Supervisor's Telephone No. |
|---|---|---|
| Barbara Younger | Supervisor | 630 260 5443 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

### B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.
What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

UNITED STATES POSTAL SERVICE

JUN 08 2004

NORTHERN IL DISTRICT
MANAGER EEO DISPUTE RESOLUTION

*For Retaliation Allegations Only.* If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On __4      04__, I engaged in EEO activity. Case No.: IJ602 0094 03
      *(Month, Day, Year)*
2. On __3     14__, I engaged in EEO activity. Case No.: IJ602 0094 03
      *(Month, Day, Year)*

### C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On __05 28__, 20 __04__
    Month, Day        Year

JUDGE ZAGEL

Please see statement submitted to EEO on 5/28/04

**RECEIVED**

**MAGISTRATE JUDGE MASON**   JUL X 3 2008

**08 C 3821**

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Counselor's Report
Page 12 of 18

PS Form 2564-A, March 2001 *(Page 1 of 3)*

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

1. *Valerie Capps* (Name of Employee) — Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic) — *Physical Disability Desparity of treatment overtime*

was treated differently than I when: *She wrk on N/S Sun Joy I were not allow to work due to the lack of training. I have been refuse to received refreshment training. Plan Personal leave appear disturb My leave unschedule. I were on overtime schedule* 10,12

2. *Linda Newby* (Name of Employee) — Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic) — *Race -White Female Desparity of Treatment*

was treated differently than I when: *Gary received training (Rockford on site) I were deny to attend Joy.*

3. *Paula Rae Thanto* (Name of Employee) — Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic) — *Race - White Female Desparity of treatment*

was treated differently than I when: *Have been able to keep Data Collect Tech bid in Rockford, when all Data collect Tech position were to be under Carol Stream Formwasin number. My bid were transfer over to carol stream. see Back*

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| | |
|---|---|
| 1a. Name *L. Eickhoff* | b. Title |
| c. Office *Carol Stream IL* | d. Grade Level |
| 2a. Name *Shirley Smith /Barbara Younger* | b. Title *MANAGER /Supervisor* |
| c. Office *Carol Stream IL* | d. Grade Level |

UNITED STATES POSTAL SERVICE

JUN 1 0 2004

NORTHERN DISTRICT
EEO & ADR RESOLUTION

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No ☒ Yes   If yes, explain how the official(s) became aware: *They all were in the same MAnAgement position of the prim EEO complaint*

*See Back*

## F. Resolution

What are you seeking as a resolution to your pre-complaint?

*Fix the unfair rule in the Dept of Stat Prog to step. by all upon MAnAgers*

MAGISTRATE JUDGE MASON

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?   **RECEIVED**   If yes, 5/28/04 (Date)

2. Filed a MSPB appeal on this issue?   ☒ No  ☐ Yes   JUL X 3 2008   If yes, _____ (Date Appeal Filed)

JUDGE ZAGEL

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

PS Form 2564-A, March 2001 *(Page 2 of 3)*

08C3821

1. Jane T Ostein - White Female (?)                        treatment

Gloria Block - Black Female          "        "        "

Wennedylynn Cooper - Black Female    "        "        "

They were allow to be cint for said
I were deny. ~~~~~~~~~ all three
Leave Schedule my leave unschedule      RECEIVED
day approved schedule.

08C3821                 JUL X 3 2008

                        MICHAEL W. DOBBINS
                        CLERK U.S. DISTRICT COURT

Jane T Ostein  White female were       EED Maine employee
Diana Knotez  white female were Elgin employee
my two co-worker were able to bid on the
Carol stream job I were deny. She also work
N/S overtime I were deny.

2) Janet Ostein  White Female EED case 12/03 issued that
She should work 2 day out of 5 day on the day shift
I were deny to work on day shift sowing such as
OD13-RPW, Trac, LCS, CCS.

) Booken Jordan Black Male   Despanity of treatment
Jane T Ostein  White Female        "        "
Diana Knotz  white senal  "        "
Wennedylynn Cooper
were all issued an T-2 position on Tour 2. They
have received proper traing - Booken Jordan received
traing on City on Rural Test I were deny.

) Gloria Block Black Female received traing on T2
city & Rural Carrier I were deny traing

James Zapp  white Male  received Lcs traing traing
B.                  white male  31 of of of
T.J. Manton  black male  Barbara Younger, Shirley Smith
   Despanity of treatment  Wennedylynn Cooper, Chenelle Beal
                           were when. There day traing

JUDGE ZAGEL

MAGISTRATE JUDGE MASON

Counselor's Report
Page 16 of 16

(10) Cherell Bear Black Female were refused on letter with Retreat Right I were deny reassignment Right, Retreat Right, Relocation Right excessive Right I were not allow to come to Palatine. I were not allow to travel to other post office like other tech.

I Am Emotion Tried of this type of treatment from Management Staff of the USPS.

**08C3821**



Please include this Witness Statement with this EEC

**RECEIVED**

JUL X 3 2008

JUDGE ZAGEL

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

JUN 1 0 2004

NORTHERN DISTRICT
MANAGER EEO DISPUTE RESOLUTION

Counselor's Report
Page 17 of 18

**MAGISTRATE JUDGE MASON**

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity? ☒ No   ☐ Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

☐ I waive the right to representation at this time.   ☒ I authorize the person listed below to represent me.

| Name of Representative | Representative's Title |
|---|---|
| *Tony Millen* | *Clerk* |

| Organization | Telephone Number | Email Address* |
|---|---|---|
| | (430) 649-0292 | |

Mailing Address *(Street or P.P. Box, City, State and Zip +4)*
*1300 E. Northwest Highway  Palatine IL  60075-9898*

* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s).  Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

Privacy Act Notice.  The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended.  This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program.  As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act.  Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint.  (A spin-off complaint contests the manner in which a previously filed complaint is being processed.)  In completing this PS Form 2564-A, *Information for Pre-complaint Counseling,* I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here
*Vanessa Scott*

Your Signature
*Vanessa Scott*

**RECEIVED**

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

**MAGISTRATE JUDGE MASON**

Date signed
*6/1/04*

Please return this form to:

MANAGER EEO DISPUTE RESOLUTION
NORTHERN ILLINOIS DISTRICT
500 EAST FULLERTON AVENUE
CAROL STREAM IL  60199-9411

*JUDGE ZAGEL*

JUN 1 0 2004

NORTHERN IL DISTRICT
MANAGER EEO DISPUTE RESOLUTION

# 08 C 3821

Counselor's Report
Page 18 of 18

PS Form 2564-A, March 2001 *(Page 3 of 3)*

APPEALS PROCE...   .G CENTER
GREAT LAKES AREA


**UNITED STATES**
**POSTAL SERVICE**

### UNITED STATES POSTAL SERVICE
### EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF:

Janice D. Scott,        )
Complainant,            )
                        )          **Agency No.:**     4J-600-0167-04
v.                      )
                        )
John E. Potter,         )
Postmaster General,     )          **Filed On:**      September 24, 2004
Respondent              )
_____)

## ACCEPTANCE OF COMPLAINT

**The Postal Service has received your complaint of discrimination and it has been accepted for investigation. Beginning January 2004, your investigation will now be processed by the National EEO Investigative Services Office located in Tampa, FL. The investigative processing of your case will be handled by an investigator assigned by the National EEO Investigative Services Office.**

You have alleged that you were discriminated against on the bases of race (African-American), color (black), sex (female), age (DOB: 07-27-1957), physical disability (not specified) and retaliation (prior EEO activity), when on May 28, 2004, you were notified that your full-time regular Data Collection Technician position would be abolished; and you further alleged that you did not receive proper training and were not provided the proper rights for your job reassignment and location.

**NOTE:** If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing of any agreement resolving your complaint of age discrimination.

**If you do not agree with the acceptance letter, you must provide the Sr., EEO Complaints Investigator at the Great Lakes Area Office with your objections, in writing, within seven (7) calendar days from the date of your receipt of this letter.** If you do not wish to proceed with this complaint, you may request a withdrawal form from this office.

Your investigation will be completed within 180 calendar days (depending upon the workload volume of the investigator), from the date on which you filed your formal complaint, except that you and the Postal Service may voluntarily agree, in writing, to extend the time period by up to an additional ninety- (90) calendar days.

**RECEIVED**

630 539-8282
Fax: 630 539-8388

JUL X 3 2008

Issues to be investigated
Page ___ of 4

JUDGE ZAGEL

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08C3821

-2-

Should you seek to amend your complaint, any amendment would extend the time period for completing the investigation by an additional 180 days except that the investigation of this complaint and any amendments could not extend past 360 calendar days from the date on which you filed this formal complaint.

If you have a grievance pending on the same issue(s) as those raised in this complaint, the Postal Service may, at its discretion, defer the processing of this complaint until the grievance procedure has run its course and there has been a final resolution of the grievance. When an investigation is deferred pending the outcome of the grievance process, the 180-day time period for processing this complaint is stopped and does not restart until the grievance is resolved. If the Postal Service decides to defer the processing of this investigation as was just described, you will be notified in writing and advised of any options, which you may have as a result.

When this investigation is completed, you will receive a copy of the report of investigation and you will be advised of your right to request a hearing before an Administrative Judge appointed by the U.S. Equal Employment Opportunity Commission (EEOC) or of your alternative right to request a final agency decision by the Postal Service without a hearing. **You may request a final agency decision without a hearing, at the appropriate time, by writing to the:**

> **Manager, EEO Compliance and Appeals**
> **Great Lakes Area Office**
> **244 Knollwood Drive- 2nd Floor**
> **Bloomingdale, IL 60117-3010**

You may request a hearing before an EEOC Administrative Judge by making such a request, in writing, to the **District Director of the EEOC** at the following address:

> **Chicago District Office**
> **U.S. Equal Employment Opportunity Commission**
> **500 W. Madison Street, Suite 2800**
> **Chicago, IL 60661-2511**

You must make your hearing request within thirty- (30) calendar days of the date on which you received the report of investigation and you must provide the Area Office with a copy of the hearing request. If you have not received a copy of the report of investigation and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Sr., EEO Complaints Investigator at the Great Lakes Area Office.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an EEOC Administrative Judge following a hearing, you have certain appeal rights. You may appeal a final agency decision where no hearing has been held to the Office of Federal Operations of the EEOC, at the address shown below, within thirty- (30) calendar days of the date of your receipt of the final agency decision, or you may file a civil action in the appropriate U. S. District Court within ninety- (90) calendar days of the date of your receipt of the final agency decision. You may also appeal a final action by the Postal Service implementing a decision of an EEOC Administrative Judge following a hearing to the Office of Federal Operations of the U.S. Equal Employment Opportunity

RECEIVED

JUDGE ZAGEL     JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

MAGISTRATE JUDGE MASON

Issues to be Investigated
Page 2 of 4

**08C3821**

Commission (EEOC) within thirty- (30) calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within ninety- (90) calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an EEOC Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within ninety- (90) calendar days of the receipt of the final action and appeal.

**Any appeal to the EEOC should be sent to the following address:**

> **Office of Federal Operations**
> **U.S. Equal Employment Opportunity Commission**
> **Post Office Box 19848**
> **Washington, DC 20036-9848**

You must send the Manager, EEO Compliance and Appeals a copy of your appeal and any supporting documentation. In addition, you must provide proof to the Office of Federal Operations that you have sent the Manager, EEO Compliance and Appeals a copy of your appeal and any supporting documentation.

You may file a civil action in an appropriate U. S. District Court after the expiration of the 180 calendar days from the date on which you filed this formal complaint if the Postal Service has not issued a final agency decision on your complaint or if no final action has been taken on a decision by an EEOC Administrative Judge. If you initially choose to file an appeal to the Office of Federal Operations of the EEOC, you may file a civil action in an appropriate U. S. District Court within ninety- (90) calendar days from the date of your receipt of the decision of the Office of Federal Operations. You may also file a civil action in an appropriate U. S. District Court if you have not received a decision on your appeal within 180 calendar days of the date on which you filed your appeal with the Office of Federal Operations.

Arturo Berumen
Sr., EEO Complaints Investigator

10/05/04
Date

**RECEIVED**

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

MAGISTRATE JUDGE MASON

Issues to be Investigated
Page 3 of 4

JUDGE ZAGEL

08 C 3821

# CERTIFICATE OF SERVICE

**For timeliness purposes, it will be presumed that this document, <u>Acceptance of Complaint</u>, was received within five (5) calendar days after it was mailed. I certify that on this date, this document was mailed to the following parties:**

Janice D. Scott
5508 W. Jackson Boulevard
Chicago, IL 60644-4204

Raymond Abrams
NAPFE
1225 E. 79th Street
Chicago, IL 60619-3307

Manager, EEO Dispute Resolution
Northern Illinois District

Marissa Haley
NEEOISO Analyst
Tampa, FL

_____           10/05/04
Arturo Berumen                              Date
Sr., EEO Complaints Investigator
Great Lakes Area Office - USPS
244 Knollwood Drive, 2nd Floor
Bloomingdale, IL 60117-3010


08 C 3821

MAGISTRATE JUDGE MASON

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

JUDGE ZAGEL

Issues to be Investigated
Page 4 of 4

## EEO AFFIDAVIT

1. I chose to be assisted by a representative. My representative is:
   Donna Drake
   1225 E. 79th Street
   Chicago, Illinois 60619
   Tel: (773) 374-9300

2. Janice Derse Scott, African American, black, female, 47, unassigned regular full-time employee, Data Collection Technician

3. Not Applicable

4. Not Applicable

5. Race (African American)
   Color (Black)
   Sex (Female)
   Age (DOB 7/27/57)
   Hostile Work Environment

**RECEIVED**

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

6. Attached Statement

7. I was never shown any documentation that showed any need to abolish my job. After my job was abolished other people did my former job on T-2. Manager Smith, Manager Eickhoff and Supervisor Younger told me verbally before June 8, 2004 that my bid would be abolished. I was also given a letter by management stating it would be abolished (Attach. 1). I was told that my position would be centralized to Carol Stream.

8. My job was abolished several times over the past 10 years and management had to re-instate me because of grievance settlements. Mr. Eickhoff, Manager of Finance, dislikes me because I am a black female. He made several derogatory statements about me to former Union President Bob Miles (Attach. 6 & 11). He has made exceptions for white females to continue working for him but keeps trying to abolish all my jobs. APWU investigation shows that management's actions were personal and violated my rights.

9. I filed an earlier EEO Complaint but it was dismissed for timeliness. EEO claimed I was 1 day late in sending in the appeal. I followed advice of USPS EEO Rep. Florien Matthews. I was given false information on the appeal.

10. This has been Manager Eickhoff third attempt to abolish my job. He was furious that I filed prior EEO complaint and was angry about the grievances I won.

**08C3821**

_____
Janice D. Scott       December 4, 2004

JUDGE ZAGEL

11. Management violated Article 37 by not allowing me to bid on the jobs reposted for Carol Stream. Article 12 section 4 Principles of reassignment of the National Agreement. No retreat rights were included in notice of reassignment. The duties preformed by Data Collection are a District function.

12. Manager Leonard Eickhoff, Manger Shirley Smith, Supervisor Barbara Younger. Exceptions were made for 2 white females and none for me. Manager Eickhoff allowed others to bid on reposted jobs and not me. They also allowed Pauletta Fraita to retain her bid at Rockford, and Linda Newby from Desplaines to remain a Data Collection Tech. They have a postal car on site for Ms. Newby.

13. Names of the other Data Techs are: Janet Olstein (white) from Desplaines, Diane Kratz (white) from Elgin was able to transfer to Carol Stream and bid on data collection tech. Tour 2 positions and they were from nights. They are now Carol Stream employees. Pauletta Fraita (white) was able to keep her position at Rockford. I have more seniority than all of these employees. Booker Jordan (black male) was on tour 1 now on tour 2 after they told me that the reason for centralization was that there no work on tour 2.

14. Attached Statement.

**08C3821**

15. Data Collection Technician position. September 03 to present. Subject Matter Expert 4/04. —

16. Data Collection Technician, I was not given retreat rights at Palatine or Carol Stream. I was denied these rights because I am a black female and because of past practice of filing EEO and grievances. Exception were made for Pauletta Fraita, (white female) was allow to retain her position, Janet Olstein (white female) from Desplaines and Diane Kratz (white female) from Elgin, were given the opportunity to be put under Carol Stream Finance Number.

17. Training for Data Collection Technician that I received July 03 to Sept. 03 was to be obsolete Sept 03. No equipment or prerequisites documentation was made available to myself July 03 through Sept. 03. Feb. 04 through June 04, no equipment or prerequisites materials were provided. No opportunity to sit in class like other Data Collection Technician. (Attach 12 & 13).

18. Pauletta Fraita, (white female over 40) received training Feb 2004; Linda Newby (white female over 40) was driven to Rockford in Postal vehicle March 04 for training; Gloria Black (black, female) received training March through May 04 on Tour 2 Test Function; Bryant Gerald (white male over 40) received training at Palatine March through April 2004; J T Martin (black male over 40) received training at Palatine March through April 2004; Jim Zapps (white male) received training at Palatine from Supv. Barbara Younger March and April 04. Others included employees who last name is unknown: Jody, Waldey, ... Howard Jordan

**RECEIVED**

**JUDGE ZAGEL**

JUL X 3 2008

Janice D. Scott          December 4, 2004

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

EEO AFIDAVIT    - 3 -

19. Training for Data Collection Technician that I received July 03 to Sept. 03 was to be obsolete Sept 03. No equipment or prerequisites documentation was made available to myself July 03 through Sept. 03. Feb. 04 through June 04, no equipment or prerequisites materials were provided. No opportunity to sit in class like other Data Collection. I was also not allowed to go in the field with any Data Collection Technician for training. Manager Shirley Smith stated because of health reasons, I couldn't do my job after being off a year (I was on FMLA for breast cancer). Manager Smith stated I have no job and she doesn't have to train me. Furthermore, Manager Smith and Supervisor Younger denied me recertification as a subject manner expert on April 04. My immediate Supervisor Barbara Younger also denied me training. Linda Newby was taken to Rockford in a Post Office vehicle with Supervisor Younger to receive the Quarterly training she missed in Feb. 04. I could not attend stated Supervisor Younger according to Manager Smith.

20. Article 2 and Article 37

21. Manager Leonard Eickhoff has an establish history of abolishing my job positions for personal reasons because of grievances I have filed; Manager Shirley Smith has stated to me, because of health reasons I couldn't do my job after being off a year. She stated I have no job and she doesn't have to train me. She marked my Notice of Leave as unscheduled, while others who put in for leave during the same time frame were marked as schedule. Manager Smith denied me recertification on April 04 and has verbally abused me; and Supervisor Barbara Younger my immediate Supervisor, she has carried out the behavior pattern of the aforementioned to harass and intimidate me in the performance of my duties and deny me training.

22. Gloria Black from Carol Stream, she can testify about how I was discriminated against and improperly trained.

23. Data Collection position job back, proper training with updated skills, compensatory damages, return to Tour 2, paid for out of schedule time any holiday and overtime pay and kept free from hostile environment.

24. I was hospitalize on 6/3/04 to 6/4/04 due to job stress. I experience stress every day knowing that individuals are out to get rid of me. I have trouble sleeping and can't get this experience out of my mind. I was awarded OWCP for on the job stress from Manager Eickhoff.

25. Please ask for training records from management.

Enclosures: Narrative Statement for Question 6 and 14
        Attachments 1 through 13
        Recording and training requirement for Data Collection System
            END OF STATEMENT

RECEIVED

JUDGE ZAGEL

JUL X 3 2008

MAGISTRATE JUDGE MASON

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Janice D. Scott      December 4, 2004

## NARRATIVE STATEMENT

6. On May 26, 2004, I received a letter dated for June 8, 2004 from Manager Shirley
   Smith. The letter stated my bid assignment, as a full-time Data Collection
   Technician would be abolished as of June 12, 2004. (Attach. 1). I was told that
   management wanted to abolish and repost all jobs in the Data collection
   Department. There were 7 full-time regular DCTs including myself. 2 from
   Rockford P&DC and the remaining 4 from Carol Stream P&DC. I filed a
   grievance for my abolished bid. I was told that on 3/5/04 management and the
   union conducted a formal meeting. Management officially notified the union that
   they would be eliminating 1 full-time regular DCT positions at the Rockford
   P&DC, and both the full-time and part-time DCT positions at the Palatine P&DC
   (Attachment 2 & 3). In addition, management would create an additional full-
   time regular position with a principle area of assignment at the Carol Stream
   P&DC (Attach. 3). Union also states that on May 19,2004, they spoke with Gerry
   Giddens, the 601 Clerk Director who provide them with a copy of a memo that
   she received from Labor Specialist John Behnke which was dated May 18, 2004
   stating that all of the jobs would be posted at Carol Stream. (Attach 5). I feel
   management in two ways discriminated me against:
   1. I was not allowed to bid on the Data collection Jobs. As a Data Collection
      Technician I reported to Carol Stream P&DC because the Northern Illinois
      District is housed there. This has been the practice since I received this
      position in 3/13/99. My job consisted of going into the field as directed by
      management at any site they designated conducting tests in offices.
      Management chose to repost only Carol Stream and Rockford jobs but not
      the Palatine jobs. Exceptions were made for Clerk Janet Olsten (white
      female) from Desplaines, and Diane Kratz (white female) from Elgin.
      Olstein and Kratz were able to transfer to Carol Stream and bid on Data
      Collection Tech. They are now Carol Stream Employees. Pauletta Fraita
      (white female) was able to retain her position as a Data Collection Tech. in
      Rockford. I have more seniority than these employees.
   2. I feel I am being personal discriminated and harassed by Manager Leonard
      Eickhoff (white male) and Manager Shirley Smith. I am under Manager
      Eickhoff's Finance Department. This is Manager Eickhoff third attempt
      to get me out of his department. 2 other times Manager Eickhoff has had a
      bid of mine abolished (1) my bid as accounting clerk in 1988, (2) my bid
      as accounting technical in 1992 or 1993. He then reposts those jobs for
      another employee. Both times I was able to get my bid back through
      grievances. Manager Eickhoff is furious that I filed prior EEO Complaint
      (was thrown out for timeliness) and was angry about the grievances I filed.
      Manager Eickhoff has made several derogatory statements about me to
      former Union President Bob Miles (Attach. 6 and Attach. 11).

**RECEIVED**

**JUDGE ZAGEL**

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Janice D. Scott    December 4, 2004

## NARRATIVE STATEMENT

14: We are required to do IOCS reading for Palatine and Carol Stream. Headquarters
states IOCS must be done on site in Palatine. I did not receive proper training
because I was instructed to read an outdated manual. I was also not allowed to go
in the field with any DOCs for training. Manager Shirley Smith stated because of
health reasons, I couldn't do my job after being off a year (I was on FMLA for
breast cancer) Manager Smith stated I have no job and she doesn't have to train
me. Furthermore, Manager Smith and Supervisor Younger denied me
recertification on April 04 as a subject manner expert. My immediate Supervisor
Barbara Younger also denied me training. Data Collection Tech. Linda Newby
was taken to Rockford in a Post Office vehicle with Supervisor Younger to
receive the Quarterly training she missed in 2/04. I could not attend stated
Supervisor Younger according to Manager Smith. Data Collection Tech Jodie
and Pauletta came from Rockford to Carol Stream 3/04 to receive quarterly
training they missed in 2/04 given by Supervisor Younger and DCT Wendolyn
Cooper. They did not inform me they were holding training in Carol Stream.
When I did find out about the Carol Stream training, I spent 30 to 45 minutes
going back and forth to training and conducting IOCS reading. Therefore I
couldn't effectively benefit from this training. Rockford training was denied to
me. Valerie Capp was allowed to work overtime. But I was denied to work
overtime 5/04. I was not trained to conduct surveys according to Manager Smith.
Janet Olstein, Wendolyn Cooper and Manager Smith conducted a training session
at the Palatine location; again I was not allowed to participate. Gloria Black and
Jordan Booker went out in the field with Janet Olstein and Diana Kratz tour 2 was
denied training. All other employees had received up to date training but myself.

**08C3821**

JUDGE ZAGEL    **RECEIVED**

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE MASON

---

Janice D. Scott        December 4, 2004

08 C 3824

**UNITED STATES**
**POSTAL SERVICE®**

## EEO Complaint of Discrimination in the Postal Service
*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name JANICE D. SCOTT | 2. SSN 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 | 3. Case No. 4J-600-0167-04 |
|---|---|---|

| 4a. Mailing Address – Street or PO Box 5508 W. Jackson Blvd | 4b. City State & Zip +4 Chicago IL 60644 |
|---|---|

| 5. Email Address* N/A | 6. Home Phone (773) 378-0144 | 7. Work Phone (847) 590-6572 |
|---|---|---|

| 8. Position Title (USPS Employees Only) Clerk | 9. Grade Level (USPS Employees Only) 0 | 10. Do you have Veteran's Preference Eligibility? ☐ Yes ☒ No |
|---|---|---|

**11. Installation Where You Believe the Discrimination Occurred** *(Identify Installation, City, State, and Zip +4)*
Carol Stream P&DC / Palatine P&DC
Carol Stream, IL / Palatine IC

**12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory**
Leonard Eickhoff - Manager of Finance
Shirley Smith - Manager Start Program
Barbara Younge - Supervisor

| 13a. Name of Your Designated Representative RAYMOND Abrams | 13b. Title Labor Relations |
|---|---|

| 13c. Mailing Address (Street or P.O. Box) 1225 EAST 79th Street | 13d. City, State and Zip +4 Chicago IL 60619 |
|---|---|

| 13e. Email Address* N/A | 13f. Home Phone (773) 378-4711 | 13g. Work Phone (773) 374-9300 |
|---|---|---|

**14. Type of Discrimination You Are Alleging**
☒ Race (Specify): AFRICAN American
☒ Color (Specify): Black
☐ Religion (Specify):
☐ National Origin (Specify):
☐ Sex (Specify):
☒ Age (40+) (Specify):
☒ Retaliation (Specify):
☒ Disability (Specify): Physical

**15. Date on which alleged act(s) of Discrimination Took Place**
4/04 - 5/04

**16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R. § 1614.106(d)**

See Attached
1. Discrimination base on age
2. physical disability
- Retaliation
- Race
- Sex
- color
Desparity of treatment
hostile work environment

9.

UNITED STATES POSTAL SERVICE

**RECEIVED**

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

SEP 27 2004

NORTH ... ...

To Below

**17. What Remedy Are You Seeking to Resolve this Complaint?**
Be Put Back in permanent position on T-2 as DATA Collect Tech (whole)
received in T-schedule paid. Also
received punitive damage of $50,000.00 for pain & suffered.
compensating damages.

JUDGE ZAGEL

**18. Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS™ mediator?**
☒ Yes 9/9/04
☐ No
*(Date You Received the Notice of Final Interview)*

| 19a. Signature of Dispute Resolution Specialist | 19b. Date 8/23/04 |
|---|---|

**Formal Complaint**

| 20. Signature of Complainant or Complainant's Attorney | **Page ___ of ___** | 21. Date of this Complaint 9/22/04 |
|---|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

PS Form 2565, March 2001 (page 1 of 2)

MAGISTRATE JUDGE MASON

08C3821



NOTICE — RESTRICTED USAGE
Access to, and usage of, this EEO complaint is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complaint (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The file and its contents must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)(1)).

# EEO Investigation Report

| Processing Office | Case No. | Date Filed |
|---|---|---|
| **National EEO Investigative Services Office** | **4J-600-0167-04** | **9.24.2004** |

| Complainant Name | Position Title |
|---|---|
| **Janice D. Scott** | **Data Collection Technician** |

| Address of Complainant | Name of Complainant's Supervisor | |
|---|---|---|
| **5508 W. Jackson Blvd** <br> **Chicago, IL 60644-4204** | **Barbara Younger** | |
| | Telephone No. <br> **847.590.6572** | Email Address |

| Telephone No. | Email Address | Preference Eligible (yes *or* no) | Mixed Case (yes *or* no) |
|---|---|---|---|
| **773.378.0144** | | **No** | **No** |

| Complainant's Postal Facility | Responding Postal Facility |
|---|---|
| **Palatine P&DC** | **Northern Illinois District** |

| Responding Postal Manager's Name | Responding Postal Manager's Address |
|---|---|
| **Leonard Eickhoff** | **Northern Illinois District** <br> **500 E. Fullerton Avenue** |

| Telephone No. | Email Address | |
|---|---|---|
| **630.260.5420** | | **Carol Stream , IL 60199-9995** |

## Type of Complaint

| Race | Color | Religion | Sex | National Origin | Age (*Date of Birth*) |
|---|---|---|---|---|---|
| **African-American** | **Black** | | **Female** | | **7.27.1957** |

| Physical Disability | Mental Disability |
|---|---|
| **Not specified** | |

| Retaliation Based on Previous Activity (*Cited Dates and Case Nos.*) | | |
|---|---|---|
| 1. Date: | Case No.: | 2. Date:     Case No.: |

**Claim(s):**

The Complainant alleges that she was discriminated against on the bases of her race (African-American), color (black), sex (female), age (DOB 7/27/1957), physical disability (not specified), and retaliation (prior EEO activity) when, on May 28, 2004, she was notified that her full-time regular Data Collection Technician position would be abolished.

On the same bases, the Complainant also alleges discrimination when she did not receive proper training and was not provided the proper rights for her job reassignment and location.

**RECEIVED**

JUL X 8 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

| Complainant's Representative Name | Title |
|---|---|
| **Donna Drake** | **Unknown** |

| Address of Representative | |
|---|---|
| **1225 E. 79th Street** <br> **Chicago, IL 60619** | |

| Investigator's Name (*Print or Type*) | Office Telephone No. | Email Address |
|---|---|---|
| **Danielle A. Kerry** | **773.955.0399** | **attykerry@sbcglobal.net** |

| Postal Address of Investigator | Postal Address of Area Manager of EEO Compliance and Appeals |
|---|---|
| **PO Box 1535** <br> **Chicago, IL 60690-1535** | **244 Knollwood Drive, 2nd Floor** <br> **Bloomingdale, IL 60117-3010** |

| Investigator's Signature | Date Report Completed | Investigator No. |
|---|---|---|
| *[signature]* | February 1 2005 | **7043** |

*Vertical text at right margin:* MAGISTRATE JUDGE MASON

*Text at bottom right:* JUDGE ZAGEL

PS Form 2430, March 2001

EEO Dispute Resolution Specialist's (DRS) Inquiry Report
PS Form 2570
Continuation Page

Counselee elected to participate in Redress / Mediation, however this was determined to be inappropriate, being that a mediation conducted on November 24, 2003 for Counselee's previous EEO complaint 1J-602-0094-03 included the issue of notification that her Data Collection position was to be abolished.

Upon return of PS Form 2565, EEO Complaint of Discrimination in the Postal Service:

Counselee stated date on which alleged act(s) of discrimination took place as 4/04-5/04.

Counselee submitted additional background statements to suport her allegation of discrimination.

Counselee added the following purviews: Race / African-American, Color / Black, Sex / Female.

Counselee stated a new resolution as follows: 1) To be put back in permanent position on tour two as a Data Collection Technician, 2) Receive out of schedule pay, 3) Punitive damages of $50,000.00 for pain and suffering, and 4) Compensatory damages. ✓

Counselee designated her new represetative as: Raymond Abrams, Representative of National Alliance of Federal Employees, 1225 East 79th Street, Chicago, IL.  60619-3307, (773) 374-9300

_____
Signature of EEO Dispute Resolution Specialist

08C3821

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

MAGISTRATE JUDGE MASON

JUDGE ZAGEL

Counselor's Report
Page 4 of 18

Brief Summary of Inquiry (if applicable)
**Manager of Finance, Leonard Eickhoff stated that abolishment of Counselee's position was a result of a functional review team's recommendation to centralize the Data Collection Technical positions.**

## RECEIVED

08C3821

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

| REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR) | |
|---|---|
| Date of mediation | Disposition    ☐ Resolved    ☐ Not Resolved |

**Summary of Final Interview**

**PS Forms 2565 and 2579-A, were executed via Certified Mail No. 7000 1530 0004 6330 0848 and received by the Counselee on September 10, 2004.**

*JUDGE ZAGEL*

*MAGISTRATE JUDGE MASON*

**Privacy Act Notice**

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants

or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4) | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4) | |
|---|---|---|
| **NORTHERN ILLINOIS DISTRICT** **500 EAST FULLERTON AVENUE** **CAROL STREAM, IL. 60199-9412** | **APPEALS PROCESSING CENTER** **244 KNOLLWOOD DRIVE** **BLOOMINGDALE, IL. 60117-3010** | |
| Specialist's Office Telephone No. **(630)260-5172** | Specialist's Office Hours **VARIES** | |
| Signature of EEO Dispute Resolution Specialist | Typed Name of EEO Dispute Resolution Specialist **DANIEL ROGOWSKI** | Date **09/29/2004** |

PS Form 2570, June 2004 (Page 3 of 3)

Counselor's Report
Page 3 of 18

*JUDGE ZAGEL*

**EEO Dispute Resolution Specialist's Checklist.**

Please check All That Apply.

☒ 1. I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO -- an overview of the EEO process in the Postal Service.*

☒ 2. I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: **TOM MILLER**

Title: **CLERK**                              Telephone Number: **(630) 649-0292**

Fax No: ( )                                   Email Address:

Mailing Address: **LEGAL ADDRESS NOT PROVIDED**

☒ 3. I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID __X__ / DID NOT ____ waive anonymity.

☒ 4. I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐ 5. If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☒ 6. If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐ 7. If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☒ 8. If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS ____ / HAS NOT __X__ been submitted.

☐ 9. If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒ 10. I informed counselee of his/her requirement to immediately notify the area Manager, EEO Compliance and Appeals and the EEOC if the representative's or his/her mailing address change.

☐ 11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

RECEIVED                          MAGISTRATE JUDGE MASON

08C3821          JUL X 3 2008

MICHAEL W. DOBBINS            Counselor's Report
CLERK, U. S. DISTRICT COURT   Page __2__ of __18__

JUDGE ZAGEL

PS Form 2570, June 2001 (Page 2 of 3)

| U.S. Postal Service | Case No. |
|---|---|
| **EEO Dispute Resolution Specialist's (DRS) Inquiry Report** | **4J-600-0167-04** |

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties.  The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

#### Complainant

| Name (Last, First, MI) | Social Security No. |
|---|---|
| **SCOTT JANICE D.** | **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** |

| Home Address (No., Street, City, State, ZIP + 4) | Work Address (Facility Name, No., Street, City, State, ZIP + 4) |
|---|---|
| **5508 W. JACKSON BLVD.** | **PALATINE PROCESSING & DISTRIBUTION CENTER** |
| **CHICAGO, IL. 60644-4204** | **1300 EAST NORTHWEST HIGHWAY** |
|  | **PALATINE, IL. 60095-9997** |

| Home Telephone No. | Email Address | Office Telephone No. |
|---|---|---|
| **(773) 378-0144** |  | **(847) 590-6572** |

| Position Title | Grade Level | Tour | Duty Hours |
|---|---|---|---|
| **CLERK** | **06** | **2** | **0600-1450** |

| Off Days (For Tour I, record of nights) | Is EEO Poster 72 on display in Complainant's facility? |
|---|---|
| **Saturday / Sunday** | ☒ Yes, verified on date **09/28/2004**   ☐ No |

| Preference Eligible | Mixed Case | MSPB Appeal Filed? |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No | ☐ Yes  ☒ No  If Yes, Date Filed: |

#### Chronology of Informal Process

| Date of Incident | Date of Initial Contact with EEO Office | Date of Initial Interview |
|---|---|---|
| **05/28/2004** | **05/28/2004** | **06/30/2004** |

| REDRESS™ Overview | ADR Election Form Signed | 60 Day Extension Form Signed |
|---|---|---|
| ☒ Yes  ☐ No | ☒ Yes  ☐ No | ☐ Yes  ☒ No  If Yes, Expiration Date: |

| Date Complainant Signed or Received Notice of Right to File  **09/10/2004** | Date DRS Report Requested  **09/27/2004** | Date DRS Report Submitted  **09/29/2004** |
|---|---|---|

#### Basis for Alleged Discrimination

Check and Particularize Each that Applies

| | |
|---|---|
| ☒ 1. Race (Specify): **African-American** | ☒ 6. Age (Specify Date of Birth): **July 27, 1957** |
| ☒ 2. Color (Specify): **Black** | ☒ 7. Physical Disability (Specify): **(not specified)** |
| ☐ 3. Religion (Specify): | ☐ 8. Mental Disability (Specify): |
| ☒ 4. Sex (Specify): **Female** | ☒ 9. Retaliation (Specify Cited Prior EEO Activity): |
| ☐ 5. National Origin (Specify): | **1J-602-0094-03** |

Discrimination Claim(s): **Counselee alleges discrimination when on May 28, 2004 she was notified that her full-time regular Data Collection Technician position would be abolished.  Counselee further alleges that she did not receive proper training, and was not provided the proper rights for her job reassignment, and location.**

### RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

MAGISTRATE JUDGE MASON

## 08 C 3821

JUDGE ZAGEL

Requested Resolution
**Counselee requested: The unfair rules by the Department of Statistical Programs to stop.**

Counselor's Report
Page __1__ of __15__

PS Form 2570, June 2001 (Page 1 of 3)


**UNITED STATES**
**POSTAL SERVICE**®

**Notice of Right to File Individual Complaint**

TO: Name (First, MI, Last)

**JANICE D. SCOTT**

08C3821

Re: Case No.

**4J-600-0167-04**

This notice will attest to the fact that on _____ **August 23, 2004** _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney. If you retain one to represent you, I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service,* for this purpose. The complaint must be delivered to:

> MANAGER EEO DISPUTE RESOLUTION
> NORTHERN ILLINOIS DISTRICT
> 500 EAST FULLERTON AVENUE
> CAROL STREAM IL 60199-9411

RECEIVED

SEP 2 7 2004

NORTHERN IL. DISTRICT
MANAGER EEO DISPUTE RESOLUTION

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

■ If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

JUDGE ZAGEL

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) The specific type of discrimination alleged, e.g. race – African American, sex - female, etc.;

MAGISTRATE JUDGE MASON

■ If you allege disability discrimination, the alleged disability must be more than a temporary condition.
■ If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

■ If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
■ If you allege retaliation, you must show a connection between the action at issue in the complaint you are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for the Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date 08/23/2004 | Your Signature | Date Received 9/22/04 |
|---|---|---|---|

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

**Counselor's Report**
**Page 10 of 18**

MAGISTRATE JUDGE MASON

SEP 2 7 2004

NORTHERN IL DISTRICT
MANAGER EEO DISPUTE RESOLUTION

## Management's Response:

Manager of Finance, Leonard Eickhoff stated that abolishment of your position was a result of a functional review team's recommendation to centralize the Data Collection Technician positions.

Be advised that, as the Complainant, it is your obligation to show, by a preponderance of the evidence: first, that Management's reasons for its actions are a pretext for discrimination, and not worthy of belief: and second, that Management's actions were more likely motivated by one or more discriminatory factors prohibited by EEO regulations.

If you believe the incidents that you described were truly discriminatory, you have the right to file a formal complaint **within fifteen (15) days** of receipt of this Certified letter. Enclosed is PS Form 2579-A, (Notice of Right to File an Individual Complaint) and PS Form 2565 (EEO Complaint of Discrimination in the Postal Service). **The forms are contained only in the Certified letter.** If you fail to file a formal complaint within the specified time limitation, your case file will be considered closed and no further action will be taken.

If you choose to file a formal complaint, send the signed and dated forms along with a **COPY OF LETTER NOTIFYING YOU OF THE ABOLISHMENT OF YOUR DATA COLLECTION POSITION,** and any additional documentation that supports your allegation to:

Manager EEO Dispute Resolution
Northern Illinois District
500 East Fullerton Avenue
Carol Stream, IL. 60199-9411

If you no longer wish to pursue your claim, please disregard this notice.

RECEIVED

Sincerely,

Daniel Rogowski
EEO Dispute Resolution Specialist

08 C 3821

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Enclosures (PS Forms 2565, and 2579-A within Certified letter only)

cc: Representative, Tom Miller / APWU

JUDGE ZAGEL

500 East Fullerton Avenue
Carol Stream IL 60199-9412
Telephone NO. 630-260-5172
FAX NO. 630-260-5174

Counselor's Report
Page 7 of 18

## CERTIFICATE OF SERVICE

I hereby certify that this **NOTICE of Right to File Individual Complaint** was mailed by Certified Mail to:

Janice D. Scott                              Certified # 7000 1530 0004 6330 0848
5508 W. Jackson Blvd.
Chicago, IL. 60644-4204

**(The actual PS Forms 2565 and 2579-A are contained in the Certified package only)**

I further certify that a copy of the cover letter and Certificate of Service only was mailed by Ordinary First Class Mail to:

Janice D. Scott
5508 W. Jackson Blvd.                        MAGISTRATE JUDGE MASON
Chicago, IL. 60644-4204

Representative, Tom Miller  / APWU            08C3821
194 W. Lake
Elmhurst, IL. 60126-1519

___8/23/04___                                _____
Date                                         EEO Dispute Resolution Specialist

                                             JUDGE ZAGEL

                                        RECEIVED

                                        JUL X 3 2008

                                   MICHAEL W. DOBBINS
                                CLERK, U. S. DISTRICT COURT

                              **Counselor's Report**
                              Page _8_ of _10_



UNITED STATES POSTAL SERVICE

SEP 2 7 2004

NORTHERN IL DISTRICT
MANAGER EEO DISPUTE RESOLUTION

RECEIVED 9/20/04

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

To Whom It May Concern,

Reasons to following Type of Discrimination

(1) Manager of Finance Leonard Eickholt never gave me, in writing, that abolishments of my position, were the result of a functional review team's recommendation, to centralize the data collection Dept (Technicias) positions.

JUDGE ZAGEL

08 C 3821

(2) Manager of Finance Leonard Eickholt were involved in an prior contract grievance similar to this case whereby I were award monetary damages.

MAGISTRATE JUDGE MASON

(3) Robert Miles witness statement citing Mr Eickholt personal discriminatory feeling about Me.

Counselor's Report
Page 9 of 16

(4) Manager of Finance Leonard Eickholt has bragged about he been sue before

SEP 2 7 2004

NORTHERN IL DISTRICT
MANAGER EEO DISPUTE RESOLUTION

#
9/30/04

by me and he take his chances.

⑤ By preponerance of the evidence, Mk Leonard Eickhoff feeling about me, are documented. As he has been involed in prior grievances, As well as Shirley Smith and Barbara Younger. See attached exhibits.

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Jancie Pratt
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
4J600 016704

⑥ I were denied the right to bid - per Management at Carol Stream.

MAGISTRATE JUDGE MASON

JUDGE ZAGEL

08C3821

Counselor's Report
Page 10 of 12

EEO DISPUTE RESOLUTION SPECIALIST
EEO DEPARTMENT




RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 3821

August 23, 2004

Janice D. Scott
5508 W. Jackson Blvd.
Chicago, IL. 60644-4204

Certified Mail No. 7000 1530 0004 6330 0848 and Ordinary Mail

RE: EEO Case No. 4J-600-0167-04

Ms. Scott:

This notice is being sent to you regarding your Information for Precomplaint Counseling (PS Form 2564-A) received at our office on June 10, 2004. You signed PS Form 2567-B, Agreement to Participate in REDRESS, and Alternative Dispute Resolution Process, however it has been determined that this case is inappropriate for mediation being that this same issue was previously mediated in EEO Case No. 1J-602-0094-03 on November 24, 2003. Therefore, be advised that this letter serves as a **Final Interview** relative to your Request for Counseling, what follows is a summary of your allegations.

**ALLEGATION:**

You have alleged discrimination based on age, physical disability, and retaliation, when you were notified that on May 28, 2004 your full-time regular Data Collection Technician position would be abolished. You further allege that you were not given proper rights for job reassignment, and location.

MAGISTRATE JUDGE MASON
JUDGE ZAGEL

**RESOLUTION:**

You have requested: For the unfair rules by the Department of Statistical Programs to stop.

**Counselor's Report**
**Page** 11 **of** 18

500 East Fullerton Avenue
Carol Stream IL 60199-9412
Telephone NO. 630-260-5172
FAX NO. 630-260-5174

08 C 3821

| | Case No. |
|---|---|

## Allegations of Discrimination Based on Age

To: (Full Name, & Address)

**MANAGER EEO DISPUTE RESOLUTION**
**NORTHERN ILLINOIS DISTRICT**
**500 EAST FULLERTON AVENUE**
**CAROL STREAM, IL. 60199-9411**

Janice D. Scott
SS#: 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
D.O.B. 07-27-57
Age: (46)

The Age Discrimination in Employment Act (ADEA) of 1967, as amended, prohibits discrimination in employment on the basis of age (40 years or older). The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures. The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. District Court. Before filing suit in U.S. District Court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action. Once you have filed a timely notice of intent to sue with the EEOC, you must wait thirty (30) calendar days before filing a civil action.

A.  Notices of intent to sue must be mailed to the EEOC at the following address:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
P.O. BOX 19848
WASHINGTON, D.C. 20036-9848

MAGISTRATE JUDGE MASON

JUN 10

NORTHERN ?? ??????
MANAGER EEO DISPUTE ?? ?????

or delivered to:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
1801 L STREET, N.W.
WASHINGTON, D.C. 20507-0001

**RECEIVED**

or faxed (if no more than 10 pages) to:

OFFICE OF FEDERAL OPERATIONS
FEDERAL SECTOR PROGRAMS
(202) 663-7022.

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

B.  The notice of intent to sue should be dated and must contain the following information:

(1) Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended;
(2) Your name, address, and telephone number;
(3) Name, address, and telephone number of the your designated representative, if any;
(4) Name and location of the Postal facility where the alleged discriminatory action occurred;
(5) Date on which the alleged discriminatory action occurred;
(6) Statement of the nature of the alleged discriminatory action(s); and
(7) Your signature or your representative's signature.

**JUDGE ZAGEL**

**Counselor's Report**
**Page 12 of 18**

C.  If you choose to file a formal EEO complaint, you must exhaust your administrative remedies before you can file a civil action. 29 C.F.R. §1614 provides that you exhaust administrative remedies under the ADEA: (1) 180 days after filing a complaint, if the Postal Service has not taken final action and you have not filed an appeal; or (2) within 90 calendar days after receiving a final action by the Postal Service; or (3) 180 days after filing an appeal with the EEOC if the Commission has not issued a final decision; or (4) within 90 days after receiving the Commission's final decision on appeal.

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| _Janice M. 'amye_ | | _(signature)_ | _6/11/04_ |

PS Form 2563-B, March 2001

08C3821

## U.S. Postal Service
## Agreement to Participate in REDRESS™,
## an Alternative Dispute Resolution Process

| | |
|---|---|
| Counselor's Report | Page 13 of 16 |
| Case No. | 45-600-0167-04 |
| | 04-434 |
| Date Initiated | 05-28-04 |

Janice D. Scott    SS#: 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    _____ have been advised that, in accordance with 29 C.F.R. §1614.105(f), I have the

...n of participating in mediation instead of the counseling process. The EEO complaints processing office has given me information about the mediation procedure, and I voluntarily agree to participate in REDRESS™ mediation during the pre-complaint processing period. I am aware that REDRESS™ mediation sessions are confidential, and that resolutions reached during the procedure are handled in the same manner as are resolutions reached during the counseling process. In signing this agreement, I acknowledge that the pre-complaint processing period will be 90 calendar days. If the matter that I brought to the dispute resolution specialist's attention has not been resolved before the 90th day, I have the right to file a formal complaint at any time thereafter up to 15 calendar days after receiving my notice of right to file a discrimination complaint.

UNITED STATES POSTAL SERVICE

JUN 1 0 2004

NORTHERN DISTRICT
MANAGER EEO DISPUTE RESOLUTION

## Privacy Act Notice

Privacy Act Notice. The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

Signature of Counselee _____

PS Form 2567-B, March 2001

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

MAGISTRATE JUDGE MASON

08C3821

JUDGE ZAGEL

Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

**RECEIVED**

## 08C3821

Janice D. Scott,
Complainant,

v.

JUL X 3 2008

**MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT**

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 0120064828[1]

Agency No. 4J-600-0134-06

**MAGISTRATE JUDGE MASON**

**JUDGE ZAGEL**

## DECISION

Complainant filed a timely appeal with this Commission from the agency's decision dated July 13, 2006, dismissing her complaint of unlawful employment discrimination. Complainant alleged that she was subjected to discrimination on the bases of race (African-American), sex (female), color, disability, and reprisal for prior protected EEO activity when management abolished her job duty assignment as a Data Collection Technician and continued to place male employees on a detail assignment into the abolished position in May 2004.

The agency dismissed the complaint pursuant to 29 C.F.R. § 1614.107(a)(1), for stating the same claim as raised in Agency No. 4J-600-0167-04. The record indicates that, on September 22, 2004, complainant filed a previous complaint, Agency No. 4J-600-0167-04, alleging that, on May 28, 2004, complainant learned that her Data Collection Technician (DCT) position would be abolished.

On November 22, 2005, an EEOC Administrative Judge (AJ) issued a decision without a hearing finding that there was no genuine issue of material fact in dispute, and concluded that complainant had not been discriminated against. Specifically, the AJ found the agency presented legitimate, nondiscriminatory reasons for its actions, which complainant failed to rebut. On December 2, 2005, the agency issued a decision finding no discrimination. The agency fully implemented the AJ's decision.

---

[1] Due to a new data system, your case has been redesignated with the above-referenced appeal number.

# 08C3821

2                                                          0120064828

The Commission notes that the real issue of both complaints concerns the abolishment of complainant's job duty assignment as a Data Collection Technician. Thus, the Commission finds that the instant complaint states the same claim as raised in agency number 4J-600-0167-04 (which is pending on appeal in EEOC Appeal No. 0120061598). The instant claim is merely more evidence in support of the prior complaint. Therefore, we find that the instant complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1). **RECEIVED**

The agency's decision is AFFIRMED.

**JUL X 3 2008**

## STATEMENT OF RIGHTS - ON APPEAL

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to **JUDGE ZAGEL** establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

**MAGISTRATE JUDGE MASON**

08C 3821 1

3                                                                    0120064828

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.   If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action.  Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

APR 2 2008
_____
Date

JUDGE ZAGEL

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

MAGISTRATE JUDGE MASON

# 08C3821    0120064828

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Janice D. Scott
5508 W Jackson Blvd
Chicago, IL  60644

Odell Harper
PO Box 1005
Maywood, IL  60153

U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979

**RECEIVED**

JUL X 3 2008

**MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT**

APR 2 2008
Date

JUDGE ZAGEL

Equal Opportunity Assistant

MAGISTRATE JUDGE MASON

06-275

| | Certified Mail No. | Date Mailed    or    Hand Delivered on |
|---|---|---|
| U.S. Postal Service | | 03/28/2006 |
| **Information for Pre-Complaint Counseling** | By *(Initials)* | Case No. |
| | jc | |

On  March 27, 2006 _____, you requested an appointment with a Dispute Resolution Specialist.
   *(Month, Day, Year)*

**Important: Please read.** You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

## A. Requester Information

| Name *(Last, First, MI)* | Social Security No. | Home Telephone No. |
|---|---|---|
| Scott, Janice D. | 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 | (773) 378-0144 |

Your Mailing Address
5508 W. Jackson Blvd

| Name of Postal Facility Where You Work | Office Telephone No. |
|---|---|
| Palatine | (847) 590-6572 |

| Address of Postal Facility | Email Address |
|---|---|
| 1300 E. Northwest Highway | N/A |

| Employment Status *(Check One)* | Position Title | Grade Level |
|---|---|---|
| | Clerk | 6 |

☐ Applicant   ☐ Casual   ☐ TE (M)   ☑ Career

| Pay Location | Tour | Duty Hours | Off Days *(If Tour I, Show Nights Off)* | Time In Current Position |
|---|---|---|---|---|
| 022 | 2 | 0830-1550 | SAT/SUN | 22 Years ___ Months |

| Your Supervisor's Name | Supervisor's Title | Supervisor's Telephone No. |
|---|---|---|
| Shirley Hampton | Supervisor | (847) 590-6572 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

## B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability,* or in *Retaliation (actions based on your participation in prior EEO activity).* These categories are referred to on this form as factors.
What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Sex - Male    Race-White
Re curring retaliation discrimination

**For Retaliation Allegations Only.** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On  9-25-03 , I engaged in EEO activity. Case No.: 1J-602-0094-03
      *(Month, Day, Year)*
2. On  5-28-04 , I engaged in EEO activity. Case No.: 4J-600-0167-04
      *(Month, Day, Year)*
*3. On  12-23-05      4J-600-0025-06

## C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On_____, 20___.
   *Month, Day*        *Year*

Please see attached statement

JUDGE ZAGEL

**RECEIVED**

08C3821

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

**MAGISTRATE JUDGE MASON**

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

**1.** _Dwight Baxter_    **Sex - Male**
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _Mail handler performance data collection duties which I've been denied to perform in the Northern District - on going treatment - discrimination_

**2.** _Leonard Baxter_    **Sex - Male**
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _A male performance data collection duties which I've been denied to perform in the Northern District - on going treatment discrimination_

**3.** _J. T. Martin_    **Sex male**
(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when: _A male performance data collection duties which I've been denied to perform in the Northern District. on going treatment discrimination # see Addition Sheets #_

**JUDGE ZAGEL**

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name _Leonard Eickhart_ | b. Title _Manage Finance_ |
| c. Office _Carol Stream IL_ | d. Grade Level |
| 2a. Name _Shirley Smith_ | b. Title _Manage Stat Programs_ |
| c. Office _Carol Stream IL_ | d. Grade Level |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity?

☐ No  ☒ Yes  If yes, explain how the official(s) became aware: _Mr. Leonard Eickhart, Shirley Smith And Barbara Younger Were named in the previous EEO complaints._

**MAGISTRATE JUDGE MASON**

## F. Resolution

What are you seeking as a resolution to your pre-complaint? _That Management cease the Recurring discrimination Retaliation. That I be placed back into my Data Collection position ████████. That I be made whole front the ████ first day mail male performance data collection_

**RECEIVED**

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

1. Filed a grievance on the same issue?  ☐ No  ☐ Yes  If yes, _____ JUL X 3 2008 (Date) _____ (Current Step)

2. Filed a MSPB appeal on this issue?  ☐ No  ☐ Yes  If yes, _____ MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

**08 C 3821**

PS Form 2564-A, March 2001 (Page 2 of 3)

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

Do you desire anonymity? [X] No   [ ] Yes

## I. Representation

You have the right to retain representation of your choice. *(check one)*

[ ] I waive the right to representation at this time.     [X] I authorize the person listed below to represent me.

Name of Representative *Nell Harper*

Representative's Title *N/A*

Organization *N/A*

Telephone Number ( ) *N/A*

Email Address* *N/A*

Mailing Address *(Street or P.P. Box, City, State and Zip +4)*
*P.O. Box 1005   Maywood, IL 60153*

\* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request; to an expert, consultant or other person under contract with the USPS to fulfil an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.) In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here *Amie Scott*

**08C3821**

Your Signature

Date signed *4-13-06*

Please return this form to:

**RECEIVED**

MANAGER EEO DISPUTE RESOLUTION  **JUDGE ZAGEL**
NORTHERN ILLINOIS DISTRICT
500 EAST FULLERTON AVENUE
CAROL STREAM IL 60199-9411

JUL X 8 2008

MICHAEL W DOBBINS
CLERK U S DISTRICT COURT

**MAGISTRATE JUDGE MASON**

06-275

| | Certified Mail No. | Date Mailed     or     Hand Delivered on |
|---|---|---|
| U.S. Postal Service | | 03/28/2006 | |
| **Information for Pre-Complaint Counseling** | By (Initials) jc | Case No. |

On __March 27, 2006__, you requested an appointment with a Dispute Resolution Specialist.
 (Month, Day, Year)

Important: Please read. You should complete this form and return it to the EEO office *within 10 calendar days* of receipt. This is the only notification that you will receive regarding the necessity for you to complete this form.

## A. Requester Information

| Name (Last, First, MI) | Social Security No. | Home Telephone No. |
|---|---|---|
| Scott, Janice D. | 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 | (773) 378-0144 |

Your Mailing Address
5508 W. Jackson Blvd

| Name of Postal Facility Where You Work | Office Telephone No. |
|---|---|
| Palatine | (848) 590-6572 |

| Address of Postal Facility | Email Address |
|---|---|
| 1300 E. Northwest Highway | N/A |

| Employment Status (Check One) | Position Title | Grade Level |
|---|---|---|
| ☐ Applicant   ☐ Casual   ☐ TE (MR)   ☑ Career | Clerk | 6 |

| Pay Location | Tour | Duty Hours | Off Days (If Tour I, Show Nights Off) | Time in Current Position |
|---|---|---|---|---|
| 022 | 2 | 0830 /1530 | SAT/SUN | 22 Years ___ Months |

| Your Supervisor's Name | Supervisor's Title | Supervisor's Telephone No. |
|---|---|---|
| Shirley Hampton | Supervisor | (847) 590-6572 |

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

## B. Discrimination Factors

Prohibited discrimination includes actions taken based on your *Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or in Retaliation* (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors.
What factor(s) of Discrimination are you alleging? (Please be specific, i.e., Race-African American, Sex-Female).

Sex - Male    Race - White
Recurring retaliation discrimination

*For Retaliation Allegations Only.* If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity that you feel caused you to be retaliated against.

1. On __9-25-03__, I engaged in EEO activity. Case No. __1J-602-0094-03__
 (Month, Day, Year)
2. On __5-28-04__, I engaged in EEO activity. Case No. __4J-600-0167-04__
 (Month, Day, Year)
*3. __12-13-05__                    4J-600-0025-06

## C. Description of Incident/Action

Please use the space below to briefly describe the incident or action that prompted you to seek EEO counseling at this time.

On _____, 20___.
 Month, Day        Year

Please see attached statement

08C3821

JUDGE ZAGEL

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE MASON

Addition Page 3

Comparison
Section D

Brain Gerald White male

Was treated differently then I when:
A white male performance data
Collection duties which I've been denied
to performance in the Northern District —
on going discriminate treatment.

James Zapp White male
# Was treated differently than I when A white
male [struck] performance data collection
duties, which I've been denied to
performance in the Northern District —
on going discriminate treatment.

Section G Official
Barbara Younger              Supervisor
Carol Stream IL

Janice Pratt
4-13-06

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

08C3821

JUDGE ZAGEL MAGISTRATE JUDGE MASON

Holditmy Page 3

Compakizon
Section D

Brain Gerald White male

Was treated differently than I when:
A white male perfomance data
Collectn duties which I've been denied
to performance in the Northern District –
on going discriminate treatment

James Zapp White male
# Was treated differently than I when: A white
male performance data collectn
duties. Which I've been denied, to
performance in the Northern District –
on going discriminate treatment.

Section G Official
Barbra Yanger
Carol Stream IL

Supervisor

MAGISTRATE JUDGE MASON

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Janie Butt
4-13-06

08C3821

JUDGE ZAGEL

Addition page 1

**08C3821**

RECEIVED

JUL X 3 2008          4-13-06

Trance Scott          MICHAEL W. DOBBINS
                      CLERK, U. S. DISTRICT COURT

I have been subject to occurring retaliation
discrimination due to EEO cases,
grievances filed and a disability that
were caused by mental trauma ustel by the
postal service. Management abolished
several of my job duty assignment while
allowing male employees to work in
the abolished positions performing the
same duties that I performed in the
same town that I were working when
I had the position. Management
has been blatant with their action
causing me continuous mental
anguish / harassment and alleged
discrimination in the form of on
going harassment based on race
sex and retaliation.          **JUDGE ZAGEL**

Management are allowing male to
work data collecting duties on my
position and denied me to perform
the duties. Management have also allow
Dwight Baxter a mailhandler to do
clerk work duties as a DATA Collection
tech. I became aware of this action          Mead

Addition page 1

# 08C3821

## RECEIVED

JUL X 3 2008   4-13-06

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

Janice Scott

I have been subject to decreasing retaliation
discrimination due to EEO cases,
grievances filed and a disability that
were caused by mental trauma asked by the
postal service. Management abolished
several of my job duty assignment while
allowing male employees to work in
the abolished positions performing the
same duties that I performed on the
same tour that I were working when
I had the position. Management
has been blatant with their action
causing me continuous mental
anguish harassment and alleged
discrimination in the form of on
going harassment based on race
sex and retaliation. JUDGE ZAGEL

MAGISTRATE JUDGE MASON

Management are allowing male to
work data collection duties on my
position and denied me to perform
the duties. Management have also allow
Dwight Baxen a mailhandler to do
clerical work duties as a DATA Collection
tech. I became aware of this action

## H. Anonymity

You have the right to remain anonymous during the pre-complaint process.

**RECEIVED**

Do you desire anonymity? ☒ No  ☐ Yes

JUL X 3 2008

## I. Representation

You have the right to retain representation of your choice. (check one)   **MICHAEL W. DOBBINS**

☐ I waive the right to representation at this time.   ☒ I authorize the person listed below to represent me.

CLERK, U.S. DISTRICT COURT

| Name of Representative | Representative's Title |
| --- | --- |
| Odell Harper | N/A |
| Organization | Telephone Number | Email Address* |
| N/A | (   )  N/A | N/A |

Mailing Address (Street or P.P. Box, City, State and Zip +4)

P.O. Box 1005  Maywood, IL 60153

\* Providing this information will authorize the U.S. Postal Service to send your representative important documents electronically.

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s).  Include a copy of any written action(s) that caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, it is important for you to submit medical documentation of your disability during the pre-complaint process.

## K. Privacy Act Notice

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended.  This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses,

grants or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act.  Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

## L. Authorization

I am aware that the claim(s) contained herein shall by-pass the pre-complaint process *if* like or related to a formal complaint that I have already filed, or *if* the claim(s) constitutes a spin-off complaint. (A spin-off complaint contests the manner in which a previously filed complaint is being processed.)  In completing this PS Form 2564-A, *Information for Pre-complaint Counseling*, I recognize that the Manager, Dispute Resolution will review the claim(s) contained herein and determine how they shall be processed. I will be notified, in writing, if the Manager determines that my claim(s) shall be processed as amendments or appendages to a formal complaint that I have already filed.

Please print your name here   Andre Scott

**08C3821**

Your Signature   Andre Scott

Date signed   4-13-06

**JUDGE ZAGEL**

Please return this form to:

**RECEIVED**

JUL X 3 2008

**RECEIVED**

X 3 2008

**MANAGER EEO DISPUTE RESOLUTION**
**NORTHERN ILLINOIS DISTRICT**
**500 EAST FULLERTON AVENUE**
**CAROL STREAM IL  60199-9411**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**MAGISTRATE JUDGE MASON**

PS Form 2564-A, March 2001 (Page 3 of 3)

see Naintic 5----

## D. Comparisons

Explain why, based on the factors you cited in Section B, you believe that you were treated differently than other employees or applicants in similar situations

**08C3821**

**1.** Dwight Baxter    Sex - Male

(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when:    Mail handler performance data collection duties which I've been denied to perform in the Northern District. - on going treatment - discrimination

**2.** Leonard baxter    sex - male

(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when:    A Male performance data collection duties which I've been denied to perform in the Northern District. - on going treatment discrimination

**3.** J. T. Martin    sex male

(Name of Employee)    Factor(s) that describe the employee, i.e., sex (male), National Origin (Hispanic)

was treated differently than I when:    A Male performance data collection duties which I've been denied to perform in the Northern District. on going treatment discrimination    * see Addition Sheets *

## E. Official(s) Responsible for Action(s)

List the name(s) of the official(s) who took the action that prompted you to seek counseling at this time.

| 1a. Name Leonard Eickhoff | b. Title MANAge Finance |
| c. Office Carol Stream IL | d. Grade Level |
| 2a. Name Shirley Smith | b. Title MAnage Stat Programs |
| c. Office Carol Stream IL | d. Grade Level |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity? ☐ No ☒ Yes   If yes, explain how the official(s) became aware: Mr Leonard Eickhoff, Shirley Smith And Barbara Yanizer Were named in the previous EEO Complaints.

## F. Resolution

What are you seeking as a resolution to your pre-complaint? That Management Cease the Recurring discrimination Retaliation. That I be placed back into my Data Collection position as was before. That I be made whole front the first day Call/male performance data collect duties

## G. Grievance/MSPB Appeal

On the incident that prompted you to seek EEO counseling, have you:

**RECEIVED**

1. Filed a grievance on the same issue?    ☐ No    ☐ Yes    If yes, _____    (Date) JUL X 3 2008    (Current Step)

2. Filed a MSPB appeal on this issue?    ☐ No    ☐ Yes    If yes, _____    (Date Appeal Filed)    MICHAEL W. DOBBINS    CLERK, U. S. DISTRICT COURT

JUDGE ZAGEL

**MAGISTRATE JUDGE MASON**

PS Form 2564-A, March 2001 (Page 2 of 3)

APPEALS PROCESSING CENTER
GREAT LAKES AREA


**UNITED STATES**
**POSTAL SERVICE**

U8C382

# UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF:

Janice Scott,
Complainant,

v.

John E. Potter,
Postmaster General,
C/o Great Lakes Area-Field Operations
Respondent

**Agency No.:**    4J-600-0134-06

**Formal Filed:**    July 5, 2006

JUDGE ZAGEL

## Notice of Final Agency Decision

This is the final agency decision of the Postal Service in the above-referenced matter. You alleged discrimination on the bases of your race (Black), sex (female), color (not specified), disability (not specified) and retaliation (prior EEO activity), when management abolished your job duty assignment as a Data Collection Technician and continued to place male employees on a detail assignment into the abolished position.

**Equal Employment Opportunity Commission (EEOC) Regulations at 29 C.F.R. §1614.107(a)(1) provides that an allegation or a complaint should be dismissed if it states the same claim that is pending before or has been decided by the agency or Commission.**

The Commission's regulations provide that a complaint should be dismissed if it states the same claim that is pending or has already been decided by the agency or Commission. 29 C.F.R. §1614.107(a)(1). The Commission has interpreted this regulation to require that the complaint, or a particular claim within the complaint, must set forth the "identical matters" raised in a previous complaint in order for the subsequent complaint to be dismissed. *See Leyden v. United States Postal Service*, EEOC Appeal No. 01A51728 (March 21, 2005); *Terhune v. United States Postal Service*, EEOC Request No. 05950907 (July 18, 1997). It has long been established that "identical" does not mean "similar." The Commission has consistently held that in order for a complaint to be dismissed as identical, the elements of the complaint must be identical to the elements of the prior complaint in time, place, incident and parties. *Slater v. United States Postal Service*, EEOC Appeal No. 01A01795 (June 16, 2000); (July 18, 1997); *see Terhune v. United States Postal Service*, supra.

RECEIVED

244 KNOLLWOOD DRIVE MAGISTRATE JUDGE MASON
BLOOMINGDALE, IL 60108
TEL: 630-539-8166
FAX: 630-539-8388
WWW.USPS.COM

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

*Notice of Final Agency Decision*
*Janice Scott*
*4J-600-0134-06*
*Page 2*

**RECEIVED**

MAGISTRATE JUDGE MASON
ISTRATE JUDGE MASON

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK U.S. DISTRICT COURT

You had previously filed an EEO complaint in EEOC Case No. 210-2005-00234X; Agency Case No. 4J-600-0167-04 before EEOC Administrative Judge Christa L. Zamora, where you alleged that you were discriminated against on the bases of race (African-American), color (black), sex (female), age (DOB: 07/27/57), physical disability (prior diagnosis of breast cancer) and retaliated against (prior protected activity) when: 1] on May 28, 2004, you learned that your Data Collection Technician ("DCT") position would be abolished; and 2] after February of 2004, you did not receive proper training.[1]

The Postal Service implemented Administrative Judge Christa L. Zamora's November 22, 2005 decision and issued you a Notice of Final Action with appeal rights to the Office of Federal Operations, Equal Employment Opportunity Commission in Washington, DC.

You filed an appeal of Administrative Judge Christa L. Zamora's decision in EEOC Case No. 210-2005-00234X to the Office of Federal Operations ("OFO"), which is currently pending before the OFO in Docket No. 01A61598.[2]

You had also filed another EEO complaint in Agency Case No. 4J-600-0025-06, whereby you alleged that you were discriminated against on the bases of your race (African-American), sex (female) and retaliated against (prior EEO activity) when: 1] on September 22, 2005, management offered you a Data Collection Technician position for a second time that unknown to you had been posted at the Carol Stream facility and you claimed that the posting came down the very day it was offered to you and was later awarded to another employee (Wendolyn Cooper); and 2] a Data Collection Technician position in Operations Support that had been vacated by Ms. Cooper was then offered to you on September 28, 2005, and you had accepted it and then found out from a union representative that management had changed this position from a craft position to an EAS position and assigned the duties to Diana Krotz, a white female and former postmaster; and when management offered you the Data Collection Technician position in Operations Support, they had requested that you withdraw your EEO complaint which you declined to do.

You have brought forth these same claim(s) within the statements included with your formal complaint.

This instant complaint raises the same claim(s) as your prior complaints in Agency Case Numbers 4J-600-0167-04 and 4J-600-0025-06. This instant complaint is based on the same set of facts and circumstances; they state the same claim, and accordingly, your complaint must be dismissed. *See Bupp v. United States Postal Service,* EEOC Appeal No. 01A24743 (June 26, 2003); *Turner v. United States Postal Service,* EEOC Appeal No. 01A22046 (September 4, 2002); *see also King v. United States Postal Service,* EEOC Appeal No. 01A11307 (July 26, 2001).

You are merely attempting to re-litigate the same issue(s), that is, whether your Data Collection Technician position was abolished in May 2004 for discriminatory reasons. You failed once with Administrative Judge Christa I. Zamora when you failed to establish

---

[1] *See Minute Order* dated November 22, 2005, granting summary judgment in EEOC Case No. 210-2005-00234X; Agency Case No. 4J-600-0167-04.

[2] *See* OFO Acknowledgement of Appeal letter dated January 10, 2006.

JUDGE ZAGEL

RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Notice of Final Agency Decision
Janice Scott
4J-600-0134-06
Page 3

a *prima facie* case of discrimination and retaliation. Dissatisfied with Administrative Judge Zamora's decision, you filed an appeal with the OFO, which is currently pending.

You cannot burden the EEO process with the same issue(s) merely because you cannot wait for the OFO to render a decision on your appeal.

Even if it were assumed to be true that you recently learned that other employees are performing Data Collection Technician duties; that knowledge does not create a new issue for investigation. You are merely using this supposed new information in your attempts to support your claim that your Data Collection Technician position should never have been abolished in the first place in May 2004.

Therefore, in accordance with EEOC Regulations at 29 C.F.R. § 1614.107(a)(1), your complaint is dismissed for stating the same claim that is pending before or has been decided by the agency or Commission.

Furthermore, it appears that you are merely alleging dissatisfaction with the processing of your prior EEO complaints, and therefore, this instant complaint must be dismissed. *See Heiser v. United States Postal Service,* EEOC Appeal No. 01A40320 (February 25, 2004); *Vaughan-Walker v. Department of Veterans Affairs,* EEOC Appeal No. 01A30923 (April 26, 2004); 29 C.F.R. § 1614.107(a)(8).

Appeal to the EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), Post Office Box 19848, Washington, DC 20036-9848, within 30 calendar days of your receipt of this decision. You must use Form 3573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal.

Along with your appeal, you must submit to the EEOC that a copy of the appeal and any supporting documentation or brief were also submitted to the Manager, EEO Compliance and Appeals, USPS, Great Lakes Area-Field Operations, 244 Knollwood Drive- 2nd Floor, Bloomingdale, IL 60117-3010.

You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation, in writing, as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with § 1614.604, the Commission may dismiss the appeal as untimely.

Right To File Civil Action

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, that action should be captioned **(Janice Scott) v. John E. Potter, Postmaster General.**

*Notice of Final Agency Decision*
*Janice Scott*
*4J-600-0134-06*
*Page 4*

You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.


*for* ___Mae K. Grant___          ___7-13-06___
Michael L. Garrett                        Date
Manager, EEO Compliance and Appeals
Great Lakes Area-Field Operations
244 Knollwood Drive, 2nd Floor
Bloomingdale, IL 60117-3010

Enclosure:    Appeal Form 3573


# RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT


# 08 C 3821

MAGISTRATE JUDGE MASON

JUDGE ZAGEL

Notice of Final Agency Decision
Janice Scott
4J-600-0134-06
Page 5

## CERTIFICATE OF SERVICE

For timeliness purposes, it will be presumed that this Notice of Final Agency Decision
was received within five (5) calendar days after it was mailed. I certify that on this date,
this Notice of Final Decision was mailed via Regular First Class mail to the following
parties:

Janice Scott
5508 W. Jackson Boulevard
Chicago, IL 60644-4204


Odell Harper
APWU Union Representative
PO Box 1005
Maywood, IL 60153-1005


Lana S. Johnson, Attorney
USPS Law Department
222 S. Riverside Plaza, Suite 1200
Chicago, IL 60606-6105


EEO/ADR Specialist
Northern Illinois District

**RECEIVED**

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

_Arturo Berumen_ (signature)

Arturo Berumen
A/EEO Compliance and Appeals Specialist
Great Lakes Area-Field Operations
244 Knollwood Drive, 2nd Floor
Bloomingdale, IL 60117-3010

7/13/06
Date

JUDGE ZAGEL

# 08 C 3821

## MAGISTRATE JUDGE MASON


**UNITED STATES POSTAL SERVICE®**

**Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations**

| 1. Appellant's Name *(Last, First, MI) (Please Print or Type)* | 2. Daytime Telephone No. *(Include Area Code)* |
|---|---|

3. Home Mailing Address

# 08 C 3821

| 4. Name of Attorney or Other Representative *(If any)* | 5. Telephone No. *(Include Area Code)* |
|---|---|

6. Address of Attorney or Other Representative *(If applicable)*

## RECEIVED

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

7. Has the Appellant Filed a *Formal Complaint* with His/Her Agency?

☐ No     ☐ Yes – Indicate the Agency's Complaint No.: _____

8. Name of Agency Being Charged with Discrimination

9. Location of Duty Station or Local Facility in Which the Complaint Arose

10. Has a *Final Decision* Been Issued by the Agency or MSPB on this Complaint?

☐ Yes *(Indicate the date the appellant received it, _____, and attach a copy.)*

☐ No

☐ This Appeal Alleges a Breach of a Settlement Agreement.

11. Has a Complaint Been Filed on this Same Matter with the Commission, Another Agency, or Through Any Other Administrative or Collective Bargaining Procedure?

☐ No     ☐ Yes *(Indicate the agency of procedure, complaint/docket number, and attach a copy, if appropriate.)*

12. Has a Civil Action (Lawsuit) Been Filed in Connection with This Complaint?

☐ No     ☐ Yes *(Attach a copy of the civil action filed.)*

**NOTICE:** Before mailing this appeal, please be sure to **attach a copy of the final decision** from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 U.S.C. § 1001.

### Privacy Act Statement

*(This form is covered by the Privacy Act of 1974, Public Law 93-597. Authority for requesting the personal data and the use thereof is given below.)*

1. **Form Number/Title/Date:** EEOC Form 573, Notice of Appeal/Petition (April 1992 edition).

2. **Authority:** 42 U.S.C. § 2000e-16.

3. **Principle Purpose:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **Routine Uses:** Information provided on this form will be used by Commission employees to determine (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has

jurisdiction over the issue(s) raised in the appeal; and (d) generally to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and such as, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in de-personalized form as a database for statistical purposes.

5. **Whether Disclosure is Mandatory or Voluntary and Effect on Individual for not Providing Information:** Since your appeal is voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

| 13. Signature of Appellant or Appellant's Representative | Date | JUDGE ZAGEL |
|---|---|---|

Send Your Appeal to:

**THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
PO BOX 19848
WASHINGTON DC  20036-9848**

MAGISTRATE JUDGE MASON

| For EEOC Use Only | OFO Docket No |
|---|---|

PS Form **3573**, June 2001

08C3821

| U.S. Postal Service **EEO Dispute Resolution Specialist's (DRS) Inquiry Report** | Case No. 4J-600-0134-06 |
|---|---|

**NOTICE OF RESTRICTED USAGE**

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

**Complainant**

| Name (Last, First, MI) SCOTT, JANICE D. | | Social Security No. 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 |
|---|---|---|

| Home Address (No., Street, City, State, ZIP + 4) 5508 W JACKSON BLVD CHICAGO IL 60644-4204 | Work Address (Facility Name, No., Street, City, State, ZIP + 4) PALATINE P&DC 1300 E NORTHWEST HIGHWAY PALATINE IL 60095-9997 |
|---|---|

| Home Telephone No. (773) 378-0144 | Email Address | Office Telephone No. (847) 590-6572 |
|---|---|---|

| Position Title FT CLERK | Grade Level 6/0 | Tour 2 | Duty Hours 7:00-3:30 |
|---|---|---|---|

| Off Days (For Tour I, record of nights) SATURDAY & SUNDAY | Is EEO Poster 72 on display in Complainant's facility? ☒ Yes, verified on date 02/16/2006       ☐ No |
|---|---|

| Preference Eligible ☐ Yes ☒ No | Mixed Case ☐ Yes ☒ No | MSPB Appeal Filed? ☐ Yes ☒ No If Yes, Date Filed: |
|---|---|---|

**Chronology of Informal Process**

| Date of Incident 02/15/2006 | Date of Initial Contact with EEO Office 03/27/2006 | Date of Initial Interview 04/19/2006 |
|---|---|---|

| REDRESS™ Overview ☒ Yes ☐ No | ADR Election Form Signed ☒ Yes ☐ No | 60 Day Extension Form Signed ☒ Yes ☐ No If Yes, Expiration Date: 06/25/2006 |
|---|---|---|

| Date Complainant Signed or Received Notice of Right to File 06/24/2006 | Date DRS Report Requested 07/07/2006 | Date DRS Report Submitted 07/10/2006 |
|---|---|---|

**Basis for Alleged Discrimination**

Check and Particularize Each that Applies

| ☒ 1. Race (Specify): BLACK | ☐ 6. Age (Specify Date of Birth): |
|---|---|
| ☐ 2. Color (Specify): | ☐ 7. Physical Disability (Specify): |
| ☐ 3. Religion (Specify): | ☐ 8. Mental Disability (Specify): |
| ☒ 4. Sex (Specify): FEMALE | ☒ 9. Retaliation (Specify Cited Prior EEO Activity): 1J-602-0094-03, 4J-600-0167-04, 4J-600-0025-06 |
| ☐ 5. National Origin (Specify): | |

JUDGE ZAGEL

Discrimination Claim(s): Counselee alleged discrimination based on race (black), sex (female), and retaliation (case #1J-602-0094-03, 4J-600-0167-04, 4J-600-0025-06), when Management abolished her job duty assignment and continued to place male employees on a detail assignment into the abolished position.

**RECEIVED**

**HUMAN RESOURCES APPEALS SECTION**

MAGISTRATE JUDGE MASON     JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

JUL 1 1 2006

BLOOMINGDALE, IL 60117-3010

Requested Resolution
The counselee is requesting: (1) To be placed back into the Data Collection Technician position and made whole. (2) Management cease the recurring discrimination and retaliation. (3) $200,000 for pain, suffering, undue hardship and humiliation. (4) Payment for every day that a male employee was detailed to the position that was abolished.

08 C 38~

## EEO Dispute Resolution Specialist's Checklist.

Please check All That Apply.

☐  1.  I informed counselee of the impartial role of the Dispute Resolution Specialist in the EEO complaint process, explained the EEO process, and provided counselee with the booklet, *What You Need to Know About EEO* -- an overview of the EEO process in the Postal Service.

☒  2.  I notified counselee of his/her right to be accompanied, represented, and advised by a representative of his/her choice at any stage in the complaint process. If counselee elected representation, I obtained the following information:

Representative's Name: **ODELL HARPER**

Title: **APWU UNION REPRESENTATIVE**                    Telephone Number: **(708) 344-4246**

Fax No: **(    )**                                Email Address:

Mailing Address: **PO BOX 1005**

**MAYWOOD IL  60153-1005**

☒  3.  I advised counselee of his/her right to remain anonymous during pre-complaint counseling and he/she DID __X__ / DID NOT ____ waive anonymity.

☒  4.  I explained the privacy act notice. Counselee signed a copy of the notice prior to the interview.

☐  5.  If a mixed case, I informed counselee of the mixed case election procedures in 29 C.F.R. §1614.302.

☐  6.  If age discrimination was alleged, I informed counselee of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

☐  7.  If a sex based claim of wage discrimination was alleged under Equal Pay Act (EPA), I advised counselee of his/her right to bypass the administrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.408.

☐  8.  If discrimination based on disability was alleged I informed counselee of his/her requirement to submit documentation of his/her disability. Documentation HAS ____ / HAS NOT ____ been submitted.

☐  9.  If counselee presented his/herself as an agent of a class, I explained the class complaint procedures and the class agent's responsibilities, as outlined in 29 C.F.R.§1614.204.

☒  10. I informed counselee of his/her requirement to immediately notify the area Manager, EEO Compliance and Appeals and the EEOC if the representative's or his/her mailing address change.

☐  11. I explained that I will not be the one who will make the decision on the acceptability of counselee's claim(s); but, there is a possibility that, for the reason(s) I have briefly restated below, the claim(s) will be dismissed in accordance with 29 C.F.R.1614.107.

# RECEIVED                08 C 3821

## MAGISTRATE JUDGE MASON        JUL X 3 2008

JUDGE ZAGEL

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

PS Form 2570, June 2001 *(Page 2 of 3)*

**Dispute Resolution Specialist's Inquiry**

Brief Summary of Inquiry (if applicable)

Counselee requested EEO counseling on March 27, 2006, and was given an initial interview on April 19, 2006. Counselee requested REDRESS Mediation, and mediation was held on June 14, 2006. No agreement was achieved. She cites Leonard Eickhoff, Manager, Finance and Shirley Smith, Manager, Statistical Programs as the responsible management officials. Counselee stated that management has allowed several male employees to detail in the position of Data Collection Technician after the position was abolished. Counselee stated that on 2/15/2006, she was informed by a Union Official that employee, Dwight Baxter ( black male), was detailed to the position of Data Collection Technician, performing the same work duties as the job that was abolished. She further stated that employees Leonard Gayden (black male) and Jay T. Martin (black male), Brian Gerald (white male), and James Zapp (white male), have also been assigned to the position. Counselee alleges discrimination and mental anguish due to not being allowed to detail back into the position that was abolished.

Manager, Leonard Eickhoff and Manager, Shirley Smith stated that they have not discriminated against the counselee and that the counselee is requesting to work 6:00 a.m to 2:30 p.m. with non scheduled days of Saturday and Sunday. Manager, Shirley Smith stated that no bid exists in the Statistical Programs Department with a Tour Two starting time and weekends off and the schedule the counselee is requesting is not conducive to the work that is performed by the Data Collection Technicians.

**REDRESS™ (Dispute Resolution Specialist complete this section if counselee participated in ADR)**

| Date of mediation | Disposition |
|---|---|
| June 14, 2006 | ☐ Resolved     ☒ Not Resolved |

**Summary of Final Interview**

PS Forms 2565, and 2579-A, were executed and sent to the counselee by Certificate of Service on June 19, 2006.

# RECEIVED

## MAGISTRATE JUDGE MASON

JUL X 3 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

**Privacy Act Notice**

The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants

or other benefits; to a congressional office at your request, to an expert, consultant or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Office Address of Dispute Resolution Specialist (No., Street, City, State, and Zip + 4) | Office Address of Manager EEO Compliance & Appeals (No., Street, City, State, and Zip + 4) |
|---|---|
| NORTHERN ILLINOIS DISTRICT 500 EAST FULLERTON AVENUE CAROL STREAM, IL. 60199-9412 | APPEALS PROCESSING CENTER 244 KNOLLWOOD DRIVE BLOOMINGDALE, IL. 60117-3010   JUDGE ZAGEL |
| Specialist's Office Telephone No. (630)260-5596 | Specialist's Office Hours 0800-1650 |
| Signature of EEO Dispute Resolution Specialist *Adela Campbell* | Typed Name of EEO Dispute Resolution Specialist ADELA CAMPBELL | Date. 07/10/2006 |

PS Form 2570, June 2001(Page 3 of 3)

# 08C3821